1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY HERTIG, | CV F   04 5633 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| CAMBRA, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

_____/

Ty Hertig ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 13, 2004, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  The case was subsequently transferred to the Fresno Division.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The events at issue in this action allegedly occurred at Corcoran State Prison where Plaintiff was confined at the time he filed this action. Plaintiff names Director of Corrections, Cambra, Warden Galaza, Dr. M.L. Bendon, CMO, Dr. Klarich, CMO, Drs. Friedman, Virvanthana, Johnson and Kim and Nurse Edmonds as Defendants.

Plaintiff alleges that prior to this transfer to CSP Corcoran, various doctors made certain recommendations as to his medical care. Plaintiff alleges that doctors and staff at CSP Corcoran violated his rights by failing to act on those recommendations and by referring him to other doctors for treatment.

**C. SECTION 1983 CLAIMS FOR RELIEF**

*1. Eighth Amendment - Medical Care*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a

1  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

2  inmate health or safety." Id.

3      In applying this standard, the Ninth Circuit has held that before it can be said that a

4  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

5  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

6  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

7  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or

8  treating a medical condition does not state a valid claim of medical mistreatment under the

9  Eighth Amendment. Medical malpractice does not become a constitutional violation merely

10  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

11  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

12  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

13  (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate

14  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

15  1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

16  deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

17      Here, Plaintiff alleges that Doctors at CSP Corcoran violated his right to medical care

18  because they refused to follow through on recommendations made by other Doctors prior to

19  Plaintiff's transfer to Corcoran. Plaintiff also alleges that Dr. Friedman, a pain specialist, refused

20  to treat Plaintiff's shoulder on one occasion because of his back condition and also referred

21  Plaintiff to a psychologist. Plaintiff states that Dr. Johnson referred Plaintiff to Dr. Friedman for

22  treatment as did Dr. Virvantha. (Complaint at 11.)

23      Plaintiff's allegations are insufficient to support a claim for relief under Section 1983 for

24  violation of the Eighth Amendment. "A difference of opinion between a prisoner-patient and

25  prison medical authorities regarding treatment does not give rise to as 1983 claim." Franklin v.

26  Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (*internal citation omitted*). To prevail, plaintiff

27  "must show that the course of treatment the doctors chose was medically unacceptable under the

28  circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to

1  plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986) (*internal citations*

2  *omitted*).

3       In this instance, Plaintiff has not alleged any facts that would support a claim that the

4  Defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."

5  Farmer v. Brennan, 511 U.S. at 837.  Plaintiff's allegations indicate a disagreement with the

6  course of treatment chosen by Defendants Friedman, Kim, Johnson, and Virvantha for Plaintiff's

7  illnesses.  This is an insufficient basis upon which to impose liability under Section 1983.

8       *2. Supervisory Liability*

9       Under section 1983, liability may not be imposed on supervisory personnel for the actions

10  of their employees under a theory of respondeat superior.  When the named defendant holds a

11  supervisorial position, the causal link between the defendant and the claimed constitutional

12  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

13  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To

14  state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some

15  facts indicating that the defendant either: personally participated in the alleged deprivation of

16  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

17  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

18  and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646

19  (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

20  Although federal pleading standards are broad, some facts must be alleged to support claims

21  under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

22  (1993).

23       Plaintiff has not alleged any facts indicating that Defendants Cambra, Galaza, Dr.

24  Bendon, and Klarich, CMOs, personally participated in the alleged deprivation of constitutional

25  rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented

26  a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the

27  moving force of the constitutional violation.'"  Hansen v. Black at 646.  Accordingly, Plaintiff

28  fails to state a cognizable claim for supervisory liability against these Defendants.

1        *3. Expungement of Information From Plaintiff's Central File*

2        Plaintiff alleges that Nurse Edmonds placed false and misleading information in a 128-B

3    chrono.  Plaintiff states that his appeal of the chrono was granted, however, the chrono was not

4    removed from his file.

5        In order to state a cause of action for deprivation of procedural due process, a plaintiff

6    must first establish the existence of a liberty interest for which the protection is sought.  In

7    Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which

8    had held that states created protectable liberty interests by way of mandatory language in prison

9    regulations.  Id. at 481-84.  Instead, the Court adopted an approach in which the existence of a

10   liberty interest is determined by focusing on the nature of the deprivation.  Id.  In doing so, the

11   Court held that liberty interests created by prison regulations are limited to freedom from

12   restraint which "imposes atypical and significant hardship on the inmate in relation to the

13   ordinary incidents of prison life." Id. at 484.  The Ninth Circuit has made no finding that

14   prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison

15   record.  Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

16       Here, Plaintiff has alleged no facts whatsoever regarding the information that he seeks to

17   have expunged or corrected in his central file and therefore, fails to establish the existence of a

18   liberty interest entitling him to due process.

19   **D. CONCLUSION**

20       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

21   can be granted under § 1983 against any of the defendants.  The Court will provide Plaintiff with

22   time to file a first Amended Complaint curing the deficiencies identified above should he wish to

23   do so.

24       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

25   resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

26   1980).  The Amended Complaint must specifically state how each defendant is involved.

27   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

28   connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

1    U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

2    F.2d 740, 743 (9th Cir.  1978).

3         Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

4    be complete in itself without reference to any prior pleading.  As a general rule, an Amended

5    Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

6    1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

7    function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

8    claim and the involvement of each defendant must be sufficiently alleged.  The Amended

9    Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

10   appropriate case number, and be an original signed under penalty of perjury.

11   **E.  ORDER**

12        The Court HEREBY ORDERS:

13   1.        The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

14             complaint form;

15   2.        The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

16             (30) days from the date of service of this order, Plaintiff SHALL:

17        a.        File an Amended Complaint curing the deficiencies identified by the Court

18                 in this Order, or

19        b.        Notify the Court in writing that he does not wish to file an Amended

20                 Complaint and pursue the action but instead wishes to voluntary dismiss

21                 the case.

22        Plaintiff is forewarned that his failure to comply with this Order may result in a

23   Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

24   IT IS SO ORDERED.

25   **Dated:    October 11, 2005**              **/s/ Sandra M. Snyder**
     icido3                                       UNITED STATES MAGISTRATE JUDGE

26

27

28