# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY HERTIG, | CV F   04 5633 AWI SMS P |
| Plaintiff, | |
| v. | SECOND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 14.) |
| CAMBRA, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Ty Hertig ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 13, 2004, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  The case was subsequently transferred to the Fresno Division.

On October 12, 2005, the Court dismissed the Complaint with leave to amend.  Plaintiff filed an Amended Complaint on March 9, 2006.

## A.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8    complaint under this standard, the court must accept as true the allegations of the complaint in

9    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12   **B. SUMMARY OF COMPLAINT**

13        The events at issue in this action allegedly occurred at Corcoran State Prison where

14   Plaintiff was confined at the time he filed this action.  Plaintiff alleges that prior to this transfer to

15   CSP Corcoran, various doctors made certain recommendations as to his medical care.  Plaintiff

16   alleges that doctors and staff at CSP Corcoran violated his rights by failing to act on those

17   recommendations thereby denying him his rights under the Eighth Amendment.

18   **C.  SECTION 1983 CLAIMS FOR RELIEF**

19        *1.  Eighth Amendment - Medical Care*

20   A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

21   unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

22   Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an

23   objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

24   "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501

25   U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

26   mind," which entails more than mere negligence, but less than conduct undertaken for the very

27   purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

28   deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

1  inmate health or safety." Id.

2  In applying this standard, the Ninth Circuit has held that before it can be said that a

3  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

4  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

5  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

6  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

7  treating a medical condition does not state a valid claim of medical mistreatment under the

8  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

9  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

10  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

11  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

12  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

13  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

14  1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

15  deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

16  Here, Plaintiff alleges that Doctors at CSP Corcoran violated his right to medical care

17  because they refused to follow through on recommendations made by other Doctors prior to

18  Plaintiff's transfer to Corcoran.  Plaintiff also alleges that Dr. Friedman, a pain specialist, refused

19  to treat Plaintiff's shoulder on one occasion because of his back condition and also referred

20  Plaintiff to a psychologist.  Plaintiff states that Dr. Johnson referred Plaintiff to Dr. Friedman for

21  treatment as did Dr. Virvantha.  (Complaint at 11.)

22  The Court finds Plaintiff's allegations in the Second Amended Complaint remain

23  insufficient to support a claim for relief under Section 1983 for violation of the Eighth

24  Amendment.  Plaintiff again states that certain doctors made recommendations that doctors at

25  Corcoran failed to follow, that the diagnosis that Plaintiff's problems were "all in his head" was

26  incorrect and that he was administered "psych" medication without first consulting him.

27  However, Plaintiff was informed in the prior Order dismissing with leave to amend that a

28  difference of opinion between a prisoner-patient and prison medical authorities regarding

3

1   treatment does not give rise to as 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th

2   Cir.1981) (*internal citation omitted*).  To prevail, plaintiff "must show that the course of

3   treatment the doctors chose was medically unacceptable under the circumstances ... and ... that

4   they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v.</u>

5   <u>McIntosh</u>, 90 F.3d 330, 332 (9th Cir.1986) (*internal citations omitted*).   In addition,  "difference

6   of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference."

7   <u>Jackson v. McIntosh,</u> 90 F.3d 330, 332 (9th Cir.1996); <u>Sanchez v.  Vild</u>, 891 F.2d 240, 242 (9th

8   Cir.  1989).  Thus, such facts are insufficient to give rise to a constitutional claim for relief.

9         Plaintiff also complains that one doctor sent him to another doctor to then again sent

10   Plaintiff back to the psychologist.  This general dissatisfaction with the Doctor's treatment is also

11   insufficient to give rise to a constitutional claim for relief.

12         Plaintiff's allegations regarding his shoes are too vague to give rise to a constitutional

13   claim for relief.  Plaintiff states generally that his medically authorized shoes and ace wraps were

14   taken without first providing Plaintiff with replacements.  However, Plaintiff does not link this

15   act to a named Defendant nor does he identify the serious risk posed or provide facts

16   demonstrating that a defendant knew of and disregarded that risk.   The Court will provide

17   Plaintiff one more opportunity to allege a cognizable claim for relief.

18       ***2. Supervisory Liability***

19         Under section 1983, liability may not be imposed on supervisory personnel for the actions

20   of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds a

21   supervisorial position, the causal link between the defendant and the claimed constitutional

22   violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

23   <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To

24   state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some

25   facts indicating that the defendant either: personally participated in the alleged deprivation of

26   constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

27   "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

28   and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646

1   (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2   Although federal pleading standards are broad, some facts must be alleged to support claims

3   under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

4   (1993).

5          Despite being informed of the facts necessary to state a claim for relief under a theory of

6   supervisory responsibility, Plaintiff continues to name Warden Cambra, George Galaza, and Dr.

7   Bendon, as Defendants but fails to allege facts that they personally participated in the alleged

8   deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

9   promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

10  constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black

11  at 646.   In alleging that the defendants implemented a policy that violated Plaintiff's rights, he

12  must also identify the policy.  Plaintiff may not simply make a conclusory allegation.  The facts

13  alleged must be specific.  Merely repeating the legal standard and putting a name in front of it

14  does not give rise to a constitutional violation. Accordingly, Plaintiff fails to state a cognizable

15  claim for supervisory liability against these Defendants.

16          *3. Expungement of Information From File*

17          Plaintiff alleges that Nurse Edmonds placed false and misleading information in a 128-B

18  chrono.  Plaintiff states that his appeal of the chrono was granted, however, the chrono was not

19  removed.

20          Here, Plaintiff again provides insufficient information to allow the Court to determine

21  whether Plaintiff states a cognizable claim for relief.  For example, it is unknown what record

22  Plaintiff is talking about, his medical record or his prison record.  To the extent it is Plaintiff's

23  medical record, although an inaccurate medical record may give rise to an Eighth Amendment

24  claim for relief, Plaintiff's statement that the statement was "judgmental" sounds more like a

25  disagreement with the diagnosis which would not give rise t o a constitutional claim for relief.

26  To the extent Plaintiff is referring to his Central File, Plaintiff must first establish a liberty

27  interest in having an accurate record.

28          At this point, Plaintiff's facts are simply too vague to proceed at this point.  In amending

1  his Complaint Plaintiff must provide more specific facts about the statement in the record and

2  which record.  Plaintiff should include the details surrounding the notation as well as the date,

3  and the subsequent events surrounding the information placed there.  Plaintiff is reminded again

4  that for an Eighth Amendment violation he must allege facts indicating the defendant knew of

5  and disregarded a serious risk to his health.  Plaintiff should not simply repeat this phrase,

6  however, he must provide facts showing that the defendant had knowledge of the risk and that

7  they chose to disregard it.

8  **D.  CONCLUSION**

9      The Court finds that Plaintiff's Amended Complaint does not contain any claims upon

10  which relief can be granted under § 1983 against any of the Defendants.  The Court will provide

11  Plaintiff the opportunity to file a Second Amended Complaint curing the deficiencies identified

12  above should he wish to do so.

13      Plaintiff must demonstrate in the Second Amended Complaint how the conditions

14  complained of resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625

15  F.2d 227 (9th Cir.  1980).  The Second Amended Complaint must specifically state how each

16  defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is

17  some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Rizzo v.  Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980);

19  Johnson v.  Duffy, 588 F.2d 740, 743 (9th Cir.  1978).

20      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

21  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

22  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

23  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

24  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

25  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

26  Complaint should be clearly and boldly titled **"SECOND AMENDED COMPLAINT,"**

27  reference the appropriate case number, and be an original signed under penalty of perjury.

28  **E.  ORDER**

The Court HEREBY ORDERS:

1.     The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.     The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a.     File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b.     Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:     January 31, 2007**                          **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE