IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ty Hertig, | ) | No. CV-04-5633-ROS (PC) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Steven Cambra, et al., | ) | |
| Defendants. | ) | |

Defendant Jack Friedman has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 25-27).

Plaintiff is advised that he has the right to oppose the motion in writing. Written oppositions must be filed not more than 18 days, plus 3 days for mailing, after the date of service of the motion to dismiss. Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . . ." This means the Court may deem Plaintiff's failure to oppose Defendant's motion to dismiss as a waiver, and may recommend that the motion be granted on that basis.

At some point in the litigation, one or more Defendant may also move for summary judgment concerning some or all of Plaintiff's claims.[1] Pursuant to <u>Klingele v. Eikenberry</u>,

---

[1] Plaintiff is advised that Defendant Friedman's pending motion to dismiss may be construed

849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Such a motion is a request for an order for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. See Fed. R. Civ. P. 56(b). Defendants' motion(s) will set forth the facts which Defendants contend are not reasonably subject to dispute and entitle Defendants to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion(s) but argue that Defendants are not entitled to judgment as a matter of law. Plaintiff may show Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the Complaint if the Complaint shows Plaintiff has personal knowledge of the matters stated and if Plaintiff calls attention to those parts of the Complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[2] setting forth the facts which Plaintiff believes prove Plaintiff's claims (the person who signs the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but Plaintiff must prove that the records are what Plaintiff claims they are;[3] (4) Plaintiff may also rely

---

as a motion for summary judgment.

[2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Fed. R. Civ. P. 56(e).

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. See Fed. R. Civ. P. 56(e).

upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion(s) with affidavits, declarations, or other evidence, Defendants' evidence will be taken as true, and final judgment may be entered without a full trial. See Fed. R. Civ. P. 56(e).

If there is a good reason why such facts are not available to Plaintiff when required to oppose, a request to postpone considering Defendants' motion(s) will be considered. See Fed. R. Civ. P. 56(f). If Plaintiff does not serve and file a request to postpone consideration or written opposition, Plaintiff's failure to act may be considered a waiver of opposition. Plaintiff's waiver of opposition to Defendants' motion(s) may result in the entry of summary judgment. A motion supported by affidavits or declarations that are unsigned will be stricken.

At some point in the litigation, some or all of the Defendants may also file a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the Complaint. A failure to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (*per curiam*)). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20 (quoting Ritza, 837 F.2d at 368). If it is concluded the prisoner has not exhausted administrative remedies, the case will be dismissed without prejudice. See Id. at 1120. This means that the case will end. If Plaintiff exhausts administrative remedies at a later date, the case may be re-filed as a new action.

When responding to a motion to dismiss for failure to exhaust administrative remedies, Plaintiff may not simply rely on allegations in the Complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence

regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(c);[4] Ritza, 837 F.2d at 369 ("The distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes").[5] If Plaintiff does not submit evidence in opposition, the Court may conclude Plaintiff has not exhausted administrative remedies and the case will be dismissed.

The failure of any party to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

Accordingly,

**IT IS SO ORDERED.**

**FURTHER ORDERED** the Clerk of Court shall correct the spelling of Defendant Friedman's name on the docket.

DATED this 12th day of May, 2009.

_____
Roslyn O. Silver
United States District Judge

---

[4] Formerly Fed. R. Civ. P. 43(e).

[5] See also Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (when the non-moving party bears the burden of proof at trial, the moving party's summary judgment motion need only highlight the absence of evidence supporting the non-moving party's claims and the burden then shifts to the non-moving party who must produce evidence sustaining a genuine issue of disputed material fact).

- 4 -