IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ty Hertig,<br><br>    Plaintiff,<br><br>vs.<br><br>Steven Cambra, et al.,<br><br>    Defendants. | No. CV-04-5633-ROS (PC)<br><br>**ORDER** |

**Background**

On March 14, 2007, Plaintiff filed a Second Amended Complaint alleging seven officials and employees of the California State Prison at Corcoran engaged in a pattern of conduct that deprived Plaintiff of adequate medical care and failed to accommodate Plaintiff's disability in violation of the Eighth Amendment and state law (Doc. 17 at 1, 3-4). The Complaint seeks monetary, declaratory and injunctive relief (Doc. 17 at 13-14). On January 8, 2009, five defendants were dismissed for Plaintiff's failure to state a claim (Doc. 19). On February 26, 2009, the U.S. Marshal was ordered to serve a summons and the Complaint on remaining Defendants Friedman and Viravathana (Doc. 22). On April 27, 2009, Friedman waived service (Doc. 32). On April 29, 2009, Viravathana's summons was returned unexecuted, as Viravathana was unable to be located (Doc. 24).

On May 11, 2009, Friedman ("Defendant") filed a Motion to Dismiss Plaintiff's state law claims and requests for injunctive relief, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (Doc. 25). On May 12, 2009, proper warnings were issued pursuant to Wyatt. v. Terhune, 315 F.3d 1108 (9th Cir. 2003) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (Doc. 28). Plaintiff responded on July 14, 2009 (Doc. 33). No reply has been timely filed. For the following reasons, the Motion will be granted in part.

## Discussion

### A. Standard

Rule 12(b)(6) permits challenge of a complaint for "failure to state a claim upon which relief can be granted." A court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). The defendant bears the burden of proving plaintiff has failed to state a claim. See e.g. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005); Bangura v. Hansen, 434 F.3d 487, 498 (6th Cir. 2006); James Wm. Moore, 2 Moore's Federal Practice § 12.34[1][a] at 12-73 (2008 ed.).

When plaintiff is *pro se* and alleges civil rights violations, the court must construe the allegations liberally and grant plaintiff leave to amend "unless it clearly appears that the deficiency cannot be overcome by amendment." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (internal citation omitted). See also Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) ("The allegations of a pro se complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers") (internal citation omitted).

**B. Motion to Dismiss**

**1. State Law Claims**

Defendant seeks dismissal of Plaintiff's state law claims for failure to comply with the California Tort Claims Act ("CTCA"). See Cal. Gov't Code §§ 810 *et seq.* Before a personal injury action may be filed against a state actor, the CTCA requires presentment of the claim to the California Victim Compensation and Government Claims Board. See Cal. Gov't Code §§ 911.2, 915(b), 945.4, 950.2; accord State v. Super. Court, 90 P.3d 116, 119 (Cal. 2004). Plaintiff does not dispute having failed to comply with the CTCA and so the state law claims will be dismissed (Doc. 33 at 4-5). Because most, if not all, of Plaintiff's claims accrued in 2004 and 2005, amendment would be futile. See Cal. Gov't Code § 911.2 (establishing six-month period in which personal injury claims must be presented).[1]

**2. Claims for Injunctive Relief**

Defendant seeks dismissal of Plaintiff's claims for injunctive relief on comity grounds, alleging the claims are the subject of pending federal class action litigation concerning prison conditions at California state correctional facilities. See Plata v. Schwarzenegger, C-01-1351-THE (N.D. Cal.); Armstrong v. Schwarzenegger, C-94-2307-CW (N.D. Cal.). Defendant is correct that a plaintiff whose claims for injunctive relief are within the purview of a pending class action is generally not permitted to seek individualized relief on those claims, but rather is required to pursue relief through class counsel in the pending litigation. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) (district court may dismiss individual plaintiff's claims where plaintiff is member of a pending class action raising the same claims); see also e.g. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional

---

[1] Some of Plaintiff's allegations appear to describe ongoing conduct (Doc. 17 at 10). Claims regarding such conduct may have accrued recently and Plaintiff may thus be entitled to timely present these claims to the California Victim Compensation and Government Claims Board. However, this is a question of fact and state law which must be administratively resolved by Plaintiff and the Board before reaching the federal courts.

prison conditions cannot be brought where there is an existing class action . . . To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (*en banc*) (*per curiam*) (same). Plaintiff admits being a party to both the Plata and Armstrong litigation (Doc. 37 at 5). The focus of the Plata litigation is to conform the medical care practices and procedures of the California Department of Corrections and Rehabilitation ("CDCR") with the requirements of the Eighth Amendment (Doc. 27 Ex. A).[2] The purpose of the Armstrong litigation is to reform CDCR practices and procedure to prevent discrimination against disabled inmates (Doc. 27 Ex. B). See also Armstrong v. Wilson, 124 F.3d 1019, 1020-21 (9th Cir. 1997). All but one of Plaintiff's requests for injunctive relief fall under the purview of either Plata or Armstrong: that "Defendants . . . remove the judgmental, false report authored by Defendant D. Edmonds, RN" from Plaintiff's CDCR file (Doc. 17 at 14).[3] Accordingly, Plaintiff's remaining requests for injunctive relief will be dismissed.[4] Given Plaintiff's admissions, amendment would be futile and thus will not be allowed.

---

[2] Judicial notice of documents publicly filed in other federal court proceedings is permitted by Federal Rule of Evidence 201. See Serv. Employees Int'l Union Local 102 v. County of San Diego, 60 F.3d 1346, 1356 n.3 (9th Cir. 1994) (*per curiam*).

[3] The dismissed claims are requests for Defendant to: (a) end Defendant's practice of "not following valid [medical] recommendations;" (b) "treat Plaintiff[']s serious medical needs with prescribed treatments;" (c) "return Plaintiff[']s [medically prescribed] shoes and back brace;" and (d) "house the Plaintiff in housing modified to accommodate his disabilities . . ." (Doc. 17 at 13-14).

[4] See e.g. Meyer v. Schwarzenegger, 2008 WL 2223253, *13-14 (E.D. Cal. 2008) (dismissing individual claims for injunctive relief raised by Plata class member because the claims were being litigated in the class action); Stringham v. Lee, 2008 WL 2880406, *7, 10 (E.D. Cal. 2008) (same outcome for individual claimant whose claims for injunctive relief were being litigated in Armstrong); cf. McNeil, 945 F.2d at 1166 (recognizing two exceptions to the class action comity rule: claims for monetary damages and claims "not being litigated within the boundaries of the class action"); accord Meyer, 2008 WL 2223253 at 13 n.8; Stringham, 2008 WL 2880406 at 10.

### C. Unserved Defendant Viravathana

Although the U.S. Marshal was ordered to effect service for Plaintiff, "it is ultimately [P]laintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant." Lateef v. Jackson, 2009 WL 393857, *2 (N.D. Cal. 2009); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), (requiring a *pro se* prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted), *overruled on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

To assist the Marshal in locating Viravathana, Plaintiff provided Viravathana's title, last name, and place of occupation. With this information, Viravathana was unable to be located (Doc. 24). Having exhausted the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer further assistance in determining the whereabouts of Viravathana. See e.g. DeRoche v. Funkhouser, 2008 WL 4277659, *1 (D. Ariz. 2008) ("[N]either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)). Plaintiff now has two choices; he may provide additional information with which the Marshal may attempt to identify and serve Viravathana or wait until the proceedings enter the discovery stage and subpoena third parties for information concerning Viravathana's whereabouts.

Accordingly,

**IT IS ORDERED** Defendant Friedman's Motion to Dismiss (Doc. 25) **IS GRANTED IN PART**, in conformance with this Order.

**FURTHER ORDERED** Plaintiff shall, **ON OR BEFORE SEPTEMBER 18, 2009**, provide additional identifying information for Defendant Viravathana which, if received and helpful, will be provided to the Marshal for service.

**FURTHER ORDERED** Defendant Friedman shall file an Answer **WITHIN TWENTY DAYS** of this Order.

DATED this 20th day of August, 2009.

_____
Roslyn O. Silver
United States District Judge