IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ty Hertig,<br><br>        Plaintiff,<br><br>vs.<br><br>Steven Cambra, et al.,<br><br>        Defendants. | No. CV-04-05633-ROS<br><br>**ORDER** |

On February 26, 2009, the Court ordered the U.S. Marshals to serve Defendants Friedman and Viravathana. (Doc. 22). On June 1, 2009, a waiver of service was filed for Friedman. (Doc. 32).. However, service was not completed for Defendant Viravathana. Instead, on April 29, 2009, the summons for Defendant Viravathana was returned unexecuted. (Doc. 24). The U.S. Marshals attempted service based on the information Plaintiff provided about Defendant Viravathana's whereabouts. (Id.). However, upon contacting the facility and hospital to which Plaintiff directed them, the U.S. Marshals were informed Defendant Viravathana was transferred in 2006 and was no longer employed at the hospital. (Id.). Although the Marshal was ordered to effect service for Plaintiff, "it is ultimately [P]laintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant." *Lateef v. Jackson*, 2009 WL 393857, *2 (N.D. Cal. 2009); *see also Walker v. Sumner*, 14 F.3d 1415,

1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), (requiring a pro se prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted).  Having pursued and exhausted the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer further assistance in determining the whereabouts of Cox. *See e.g. DeRoche v. Funkhouser*, 2008 WL 4277659, *1 (D. Ariz. 2008) ("[N[either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

Since the returned unexecuted summons, Plaintiff has not taken any steps to serve Defendant Viravathana. If Plaintiff does not provide information sufficient to allow the U.S. Marshals to complete service on Defendant Viravathana, Plaintiff's Second Amended Complaint will be dismissed as to Defendant Viravathana for failure to timely complete service.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order theat service be made within a specified time. . . .").

Defendant Friedman filed a Motion for Summary Judgment (Doc. 42) pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff has not filed a response.

## NOTICE--WARNING TO PLAINTIFF

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

Defendant's Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of

---

[1]  *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

- 2 -

1  material fact – that is,  if there is no real dispute about any fact that would affect the result
2  of your case, the party who asked for summary judgment is entitled to judgment as a matter
3  of law, which will end your case.  When a party you are suing makes a motion for summary
4  judgment that is properly supported by declarations (or other sworn testimony), you cannot
5  simply rely on what your complaint says.  Instead, you must set out specific facts in
6  declarations, depositions, answers to interrogatories, or authenticated documents, as provided
7  in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents
8  and show that there is a genuine issue of material fact for trial.  If you do not submit your
9  own evidence in opposition, summary judgment, if appropriate, may be entered against you.
10 If summary judgment is granted, your case will be dismissed and there will be no trial.

11 Rule 56-260 of the Local Rules of the United States District Court Eastern District of
12 California also requires that you include with your response to the Motion for Summary
13 Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.
14 Your separate statement of facts must "admit those facts that are undisputed and deny those
15 that are disputed, including with each denial a citation to the particular portions of any
16 pleading, affidavit, deposition, interrogatory answer, admission or other document relied
17 upon in support of that denial."  Rule 56-260(b).

18 You must timely respond to all motions.  The Court may, in its discretion, treat your
19 failure to respond to Defendant's Motion for Summary Judgment as a consent to the granting
20 of that Motion without further notice, and judgment may be entered dismissing this action
21 with prejudice.  *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

22 **IT IS ORDERED** that Plaintiff may file an additional response to Defendant's
23 Motion for Summary Judgment, together with an additional separate Statement of Facts and
24 supporting affidavits or other appropriate exhibits, no later than January 14, 2011.

25 **IT IS FURTHER ORDERED** that Defendant may file a reply within 15 days after
26 service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that no later than January 14, 2011, Plaintiff shall provide the Court with additional information about Defendant Viravathana's location sufficient to allow the U.S. Marshals to complete service. If Plaintiff does not provide such information, the Clerk of the Court shall automatically dismiss Defendant Viravathana without awaiting further order from the Court.

DATED this 8th day of December, 2010.

_____
Roslyn O. Silver
United States District Judge